JUAN GUTIERREZ V. THE STATE.

No. 22644. Delivered December 8, 1943.

The opinion states the case.

*C. R. Baird,* of Edinburg, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with murder with malice by shooting Alvin Albrecht with a pistol on December 2, 1942. The jury assessed the death penalty.

The appeal is from a second trial, a new trial having been granted following the first conviction. The deceased was a deputy sheriff of Hidalgo County and was engaged in the performance of his official duty when he met his death. He approached appellant on the outside of the building at a place known as "Susie's Place" in the town of Edinburg, after being informed that some persons were engaged in an argument. From the evidence, we understand that appellant had been in an argument with several persons inside the building. He had used very insulting language toward them and had either invited or followed them out of the building, threatening to shoot two or more of them. While he was thus engaged in his insults to Louis Garza and was threatening to kill him, the officer was called. He approached appellant, throwing a flash light on him, and informed the parties that he was an officer. Appellant immediately fired the shot into his body that caused his death. Appellant fled from the scene. Other officers followed him and were fired upon, four bullets entering the car in which an officer was riding. Appellant was arrested at the home of a woman with whom he associated. At this time he was still threatening to kill the officers and probably was attempting to do so when his gun was knocked from his hand.

All defensive issues raised by the evidence were submitted in the court's charge and concluded against appellant by the jury's finding.

Bill of Exception No. 1 complains of the action of the trial court in refusing him a change of venue. This application was not filed in compliance with the statute and no evidence was introduced supporting the contention. The order of the court thereon was proper. 12 Texas Jur., section 182, p. 477.

Bill of Exception No. 2 complains of the testimony of Alberto Garza, who testified that he was standing within two feet of appellant when the officer was shot and that this took place immediately after the officer informed appellant who he was. We see no possible ground for complaint. The party was in position to know the facts and testified only to what he saw and heard. It was not a conclusion.

Complaint is made in Bill of Exception No. 3 that Dr. Johnson, a psychiatrist, testified on behalf of the State that the appellant was sane and that he did not see anything abnormal in appellant prior to the trial. An interpreter had previously testified, in Dr. Johnson's presence, to statements made by ap-

pellant in the presence of the interpreter, which were considered abnormal by the witness. Dr. Johnson was asked if he considered such statements abnormal, to which he replied that he did not. It does not appear that the district attorney re-stated what had been detailed by the interpreter as a basis for a hypothetical question, but only referred to what Dr. Johnson had heard. We see no difference between this method and that which is usually resorted to by simply repeating it as a basis for the question. Furthermore, we find no evidence in the case raising an issue of insanity. Several witnesses called by the defense testified that his mother and sister were peculiar, probably insane, but none of them gave evidence indicating anything abnormal about appellant. Some said positively that he was not insane. In the first place, the evidence of Dr. Johnson was properly admitted. Furthermore, it was harmless, because no issue was raised on the subject.

Bill of Exception No. 4 relates to the admission of testimony of Bernarda Perieda, a woman with whom appellant had been living and at whose home the arrest took place. Her testimony related, at length, statements of appellant in a conversation which she had with him in regard to the difficulty at "Susie's Place" and the shooting of the officer. Such statements were made by appellant immediately after the shooting. Appellant had not been arrested at the time. We see no objection to this testimony. The bill recites none and, in fact, does not state that exception was taken to the major part of the evidence quoted in the bill.

After an examination of all the evidence in the case, it is our conclusion that malice is shown and that it was within the power of the jury to assess the death penalty. We find no irregularity and no indication that appellant did not receive a fair and impartial trial, with all consideration given him by the court before whom he was tried. Nothing is present, or even indicated, that would call for a reversal of the case.

The judgment of the trial court is affirmed.